May it please the court, Gerald Brandon on behalf of Petitioner Lee. Lee's position has been that the district court should have applied the clear and convincing evidence standard at sentencing, and that his trial on appellate counsel should have argued its application. He contends under a totality of the circumstances test that the clear and convincing evidence standard should have been applied, based primarily on the fact that the district court increases base levels by 15 levels of aggravating enhancements. Counsel, during the course of sentencing proceedings, the attorney for the defendant did not make any argument to the court concerning the amount involved. Is that correct? I'm sorry? The attorney for the defendant did not make any allocution or objection to the pretrial report, which indicated a $100,000 loss or a million-dollar loss. Oh, you mean with respect to the loss? Yes. He did challenge the loss, holding him, Mr. Lee, responsible for the $10 million loss attributable to the sentencing robbery for which he was not convicted. The counsel actually said, look, I don't think he should be held accountable for this. He wasn't convicted of the robbery. Was there any evidence other than what some FBI agent reported to the preparer? There was no evidence. Counsel raised it, and the district court entirely failed to address it. I thought this was an ineffective assistance of counsel claim. Excuse me? This is not an ineffective assistance of counsel claim? Yes, but I was then trying to ask you. So the counsel raised everything? No. Counsel did not raise the standard of proof with which to evaluate the aggravating enhancements. I believe your question had to do with whether. I want to know if there was an objection to the pretrial report that was clearly made at the time the sentence was imposed, either by counsel or when the defendant was asked to allocute before the court. Yeah. Either way or both. Mr. Lee's counsel objected to. What did he say? I object to the $10 million? Well, he said I object. I could fudge a little bit on the $10 million. We really don't think that's true, and we have no proof one way or the other. The way he put it was he said, I don't think Mr. Lee should be held accountable for the $10 million loss. But he had nothing to show that it was any different than $10 million? No. As far as. No. He didn't do any investigation to find out if there was any. With respect to the value? Yeah. You're addressing that, yes. No, he did not. And so he accepted the pretrial report as being accurate? To the extent that you're talking about the way the loss was calculated, yes. I believe that. All right. Now wait a minute. Yeah. And then the defendant was asked if he had anything additional prior to sentencing that he wanted to indicate to the district court, right? Yes. And did he say anything about the $10 million being 20 cents or $100 or some other figure? No. No, he did, but I don't think he could have. Did he have any idea what he stole? I mean, wasn't it a van load of electronic equipment? He loaded boxes. I don't think it. Didn't he know what he was doing? I think he knew he was probably involved in a robbery. But whether he knew exactly what was in the boxes and what they were worth, I don't think he knew that. What was he convicted of with respect to that robbery? Was it a conspiracy or was it the actual robbery? He was convicted of the conspiracy and he was convicted of the MIT robbery. The MIT robbery. He wasn't charged in the Comtrod robbery. No. And he was acquitted, or the jury could not reach a decision, in the Senton robbery. Why didn't the conspiracy charge embrace the robbery of which he was convicted? The problem with the conspiracy, and this is one of the big problems here with holding him accountable for the relevant conduct without using a clear and convincing test, that the indictment, that's the government's position. The government's position is, is that the conspiracy charge should take care of it for purposes of analyzing relevant conduct and imposing the enhancements. However, the conspiracy, the indictment, and specifically the conspiracy charge, was really vaguely drafted, extremely poorly drafted, in fact. It names the company, the subject companies involved, but never specifically names them as targets of the robbery. It does not specify that physical restraints were used in any robbery. It doesn't specify that firearms were used in any robbery. It doesn't specify the amount of loss that was sustained in any robbery. It doesn't specify that Mr. Lee conspired to commit any specific robbery. And it doesn't specifically allege whether and when any robberies actually occurred. And so we, I don't believe that using that argument, that because he was convicted of conspiracy in this case, that then you can jump to the conclusion that they do in Harris and Philpott, which involved a drug conspiracy and drug quantity enhancement, and say that, therefore, all this stuff, he was aware of all this stuff, that these enhancements can be applied based on the conspiracy conviction. Isn't this standard reasonably foreseeable? It's foreseeable, right. That's the standard, if it's foreseeable. But it's not consistent. The degree to which he agreed to participate is not necessarily consistent for purposes of a relevant conduct analysis with his participation. But that's exactly what the pretrial report disclosed in no uncertain dollar terms and cited a source from which it came. And you're saying neither counsel nor the defendant wanted to hassle it with the court at all. I think if counsel would have raised the necessity of applying a clear and convincing test, then the issue of the amount of loss for one would have come to light at that point, because based on. I don't understand this whole dialogue. I mean, Judge Beezer is pointing out to you all the ways in which his counsel was ineffective. You keep trying to avoid saying he was ineffective. And that's why I asked you, isn't that the issue in the case, whether he was ineffective? Aren't you claiming that his failure to raise these things shows that he's ineffective? Or am I missing something here? No, I agree with that. He did not. There was no evidence. Then why aren't you saying to Judge Beezer, you're absolutely right, counsel didn't raise any of those things, that's why I'm here? Well, I was addressing specifically the issue that was certified for appeal, which had to do with the standard of proof. That, of course, is the next question. Is this failure with respect to the dollar amount certified in the scope of the COA? Not specifically, but I think it is included in the scope, because if counsel was aware that a clear and convincing evidence standard should have been applied at sentencing, I think that these things would have naturally come up. So the amount is not at issue. It's the standard by which the amount was determined by the writer of the COA, I mean, of the presentence report? The standard is the issue. The standard of proof, clear and convincing evidence. He would have had to, if clear and convincing evidence was the standard, of course, looking at the way the loss was supported in the presentence report, there is no evidence. Counsel, let me ask you a question. This case was pre-Valencia. So was it deficient performance for the trial counsel not to raise the standard of review and argue that it should be clear and convincing? Was that prevailing norms? Yes, it was. Why was it deficient? It was deficient because there was, with respect to the restraints and the knowledge of the robbery, there was conflicting evidence of that. So if that would have been raised, if the higher standard would have been raised. But how would a trial counsel pre-Valencia know that he should be making that argument? Were people making that argument at the time? Was that the norm, that the standard should be clear and convincing and not preponderance? Well, this relates to the appellate counsel, too, Your Honor. And that came much later than this sentencing. So the claim, Mr. Lee's claim applies to his trial counsel, but it also applies to the appellate counsel for not pointing out on appeal the issue, which I think had been raised by that point. I think that a guidepost for this case is the quote in U.S. Judiciary versus Shields, a guideline system that prescribes punishment for unconvicted conduct at the same level of severity as convicted conduct obliges courts to proceed carefully in determining whether the relevant conduct has been proven, even in cases in which the issue is only what guideline level or range is applicable. And I think that really applies to this case because the jury was unable to convict Mr. Lee of any of the 924 counts, unable to convict him of the sentence robbery, and he wasn't charged in the Comtra robbery. If you combine that with the ambiguity and the lack of specificity in the indictment, I think that the issue of how to apply relevant conduct in this case becomes pretty critical, and the lawyers and the importance of raising the higher standard of proof to be applied at sentencing becomes really critical, and that the appellate lawyer, at least, should have done it. Tell me about the certificate of appealability. It says certificate of appealability is granted specific issues, effective assistance of counsel, then D slash P, then a word I can't read. Do you know what that is? This is the order of some page 34. If I could read that. Effective assistance of counsel, due process rights. Yeah. District court. So how is that limited? Could you read that? I can't. I don't have that order in the excerpt. You're talking about the Ninth Circuit? No, I'm talking about the district court. The district court's order of granting certificates. Maybe that's from the first page. Page 34. Okay, let me see. I have that. Yes, page 34. Effective assistance of counsel, due process rights, I believe, is what it says. Is that the certificate for this appeal? Yes. Yes, it is. And then why is it limited to effective assistance with respect to the standard of review? I mean, the standard of proof. Evidentiary standard. What in the certificate limits it to that as opposed to the amounts? Did the failure result in denial of petitions due process rights? Well, that's even broader, Your Honor. In that respect, I don't even think we have to get to the level of review. In that case, you can find an effective assistance based on trial counsel's failure to even delve into how the probation officer supports the loss amount. Okay. Thank you, counsel. You're over time, so we'll still give you a minute or two for rebuttal. Okay. Thank you. Good morning. May it please the Court, Andrea Rusty for the United States. Defendant has failed to demonstrate that either his trial counsel or his appellate counsel were ineffective. Defendant cannot show that his sentencing hearing was fundamentally unfair or unreliable. His counsel raised several arguments, including whether the loss amount should be attributed to defendant and whether the gun and the restraint enhancements properly applied. But he didn't raise the standard for the judge, standard of review for the judge to apply to the factual findings. That's correct, Your Honor. And to answer your question to defense counsel as to whether it would have been ineffective had it been effective pre-Jordan and Valencia, at the time that this sentencing was held in 1999, the Hopper case had come out a few months before, which does not set forth the six-factor test that the Court now applies. What did Hopper hold? Excuse me? What did Hopper hold? Hopper basically held that where there was a disproportionate impact on a defendant's sentence, there should be a higher standard of proof. But it didn't set forth any specific factors. Is there a disproportionate impact here? Well, there would be, but for the fact I don't think – I think this case is distinguishable because we are not talking about uncharged conduct, which is the issue in many of this Court's cases where a disproportionate impact is found. But it's conduct of which he was not convicted. But he was not convicted by a jury. However, there was extensive evidence at trial that proved. Well, that can be true of uncharged conduct also, right? I mean, isn't the difference that Hopper and the other cases are trying to do, isn't it, between conduct of which you've been convicted and conduct of which you haven't been? I think that is true. However, I think that there is a difference between conduct that is not included anywhere. I mean, here we have the conduct included not only in the indictment but in the conspiracy count. And while the conspiracy count may not be as artfully pled as it could be, it does mention taking of hostages during these robberies. It mentions use of weapons during these robberies. And at the time, it did not include the loss amount. Obviously, things have changed and that would now be in there. But I think that because here the district court at sentencing had heard extensive evidence at trial about the use of guns and the use of restraints. And while the jury couldn't reach a verdict, I think the court could properly consider those. And that's why in this case, I think the defendant simply cannot meet the burden that his sentencing, the outcome would have been different had a different standard been applied here. His counsel argued, made several sentencing arguments, especially about whether the issue the court raised, whether or not given there was no verdict on these And the district court considered that. And while the district court, it's not entirely clear. The court said it is clear and convincing, period, and if not that, certainly by a preponderance. So it's not entirely clear what standard was applied here. But the court did make a finding that defendant knew weapons were going to be used and knew restraints were going to be used, and that was based upon the testimony of three witnesses at trial who said just that. But as to the amount, there's nothing that establishes the amount other than a reference to what an FBI agent says he thinks the amount is. There was testimony. It's not included in the excerpt of record, but there was trial testimony from the sent on electronics who testified that the loss to the company was $10 million. How can, you know, why don't you put this stuff in the ER for us? I mean, you have testimony of $10 million loss, and here we are fighting about the standard and the proof of the fact, and you've got it. You don't even put it in the ER supplemental. I apologize for that, Your Honor. The testimony regarding the other loss amount that we You expect us now to go order the district court record and you have the page and the date and the time and the line that we can find this testimony you're talking about? I can provide that for you. I don't, however, think the court needs to do that here because the PSR found a $10 million loss. Well, how is that enough? Well, it is enough when defendants make. Look how Judge Reinhardt characterized it. As something an FBI agent thought was the amount. That is not conclusive. That's what we're looking at. I understand that. But defendant, neither defendant nor defense counsel objected to the loss amount. The district court. He's saying he was ineffective because he didn't. Well, he's saying he's ineffective because of the standard of review. I don't know that. I think the problem we have here is the district court, since no one made factual objections to the calculations in the PSR, the district court had no reason to go any further to consider that. That's what some people think, but others think quite to the contrary, that every element of the sentence has to be proved and that the government bears the burden of proof. And there was testimony at trial involving both the MIT loss amount and the Centon loss amount. And the MIT loss amount is contained in the government's excerpt for records. The page regarding the Centon loss amount is not, and I do apologize for that. But it wasn't, didn't make its way into the pre-sentence report. No. And I think that obviously the pre-sentence report in an ideal world should contain more information than that. But I think that because there was no objection to the loss calculation. Well, the district, you may have a lot of cases that the district court is going to have to do new sentences in shortly. One more or less probably won't make much difference. Well, it might to the district court. I think in this case, because it's raised in the context of a 2255, and I think that you can always find something that counsel should have done differently, and I think defendant was adequately represented here, both in the district court and on appeal. And I think the district court had all of the necessary evidence in front of it to make its findings. So for that reason, I don't think a remand is necessary. Thank you. Thank you. I just want to point out and mention that under Blakely and Ameline, I think a remand is required. Do you have any authority that Blakely and Ameline apply on habeas? Well, I think that the consensus on that right now is that, yes, I think it's been asserted and I would, because this was pending, this has been pending for so long, I think an argument can be made that it would apply in this case. On that note, I'll submit. Thank you. Thank you, counsel. The case just argued will be submitted. The next case on the calendar.
judges: Reinhardt, Beezer, Wardlaw